UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY LA BARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood of
Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds

                                          Plaintiffs,

      -against-

BESTECH TRANSPORT LLC,

                                          Defendant.
------------------------------------------------------------x

**ORDER**

07-CV-4699 (ENV) (MDG)

**VITALIANO, D.J.**

Plaintiffs Gary La Barbera and Frank Finkel, in their capacity as Trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds, brought this action against defendant Bestech Transport LLC to recover unpaid benefit contributions pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), as amended by the Multiemployer Pension Plan Amendment Act of 1980, 29 U.S.C. §§ 1381 et seq. ("MPPAA").

Defendant was served with the complaint on November 23, 2007. After defendant failed to appear or otherwise respond to the complaint, plaintiffs moved for default judgment on January 10, 2008. On October 1, 2008, the Court granted plaintiffs' motion for default judgment and referred the action to Magistrate Judge Marilyn D. Go to conduct an inquest.

Following a review of the relevant submissions, Magistrate Judge Go issued a Report and Recommendation ("R&R") on March 8, 2011, recommending that judgment be entered against defendant in the amount of $21,542.40, reflecting $3,022.11 in pre-judgment interest, $8,090.66 in liquidated damages, $375.00 in administrative fees, $9,532 in attorneys' fees, and $522.63 in

costs. Judge Go also recommended that plaintiffs' motion for a permanent injunction be denied. No objections to Judge Go's R&R have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Go's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Accordingly, for the reasons stated in the R&R, plaintiffs are awarded $3,022.11 in pre-judgment interest, $8,090.66 in liquidated damages, $375.00 in administrative fees, $9,532 in attorneys' fees, and $522.63 in costs, for a total of $21,542.40. In addition, plaintiffs' motion for a permanent injunction is denied.

The Clerk is directed to enter Judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
March 30, 2011

s/ENV

ERIC N. VITALIANO
U.S.D.J.