UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

GARY LA BARBERA, et ano,

                            Plaintiffs,

                                         ORDER
         - against -

                                       CV 2007-4699 (ENV)(MDG)

BESTECH TRANSPORT, LLC,

                            Defendant.

- - - - - - - - - - - - - - - - - - -X

    Michael Adler, counsel for plaintiffs, has moved by letter application dated February 1, 2012 to compel John Velarde (the "deponent") to comply with postjudgment discovery requested by plaintiffs: a 30(b)(6) deposition, document requests and interrogatories. As set forth in Mr. Adler's letter, deponent failed to appear on the date set forth in the notice of deposition served upon him and has failed to respond to the discovery requests. Ct. doc. 16.

    Rule 69(a) of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a)(2). Postjudgment discovery "of a judgment debtor's assets is conducted routinely under the Federal Rule of Civil Procedure." First City, Texas Houstain, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002); see also Grayson v. Cathcart, 2009 WL 472321,

*5 (E.D.N.Y. Dec. 3, 2009) ("Unless and until that judgment is vacated or satisfied, the plaintiffs are entitled to seek post-judgment discovery"); British Intern. Ins. Co. Ltd. v. Seguros La Republica, S.A., 2001 WL 958975, *3 (S.D.N.Y. Aug 22, 2001) (plaintiff was "entitled to obtain discovery in aid of execution" following the Court's entry of a default judgment).

In seeking information regarding defendant's assets by deposition testimony, interrogatories and document requests, plaintiffs are acting well within their rights. Gibbons v. Smith, 2010 WL 582354, *3 (S.D.N.Y Feb. 11, 2010) (movant "has wide latitude in using the discovery devices provided by the Federal Rules in the post-judgment proceedings and both interrogatories and depositions are proper tools"). Because defendant has not issued any objection to the requests, it has "waived any objections [it] might otherwise have raised." Id. In any event, this Court finds no improper discovery requests.

On the record before me, defendant clearly has failed to provide the discovery requested by plaintiffs. Having examined the affidavit of service attached to Mr. Adler's letter, the Court finds that the discovery requests in question were valid and properly served upon the deponent.

## **CONCLUSION**

The deponent, John Valerde, is hereby ORDERED to comply with the discovery requests. He must <u>immediately</u> contact Mr. Adler to

arrange for a mutually convenient date for him to appear to give testimony.  Mr. Valerde must call Mr. Adler by February 24, 2012 and appear for a deposition to be held on or before March 15, 2012.

**Mr. Valerde is warned that if he fails to comply with this order, he could be subject to contempt proceedings for failure to respond to the discovery requests and this order.  If he is found to be in contempt of the discovery requests or this order, he could be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs.  If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply with a court order.**

**Plaintiffs are directed to serve a copy of this order by overnight mail upon the deponent and by regular mail upon defendant, which is unrepresented by counsel.**

**SO ORDERED.**

Dated:    Brooklyn, New York
          February 21, 2012

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE